**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Andre Taft Richardson, Appellant.

Appellate Case No. 2009-139266

———————————

Appeal From Colleton County
Perry M. Buckner, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-223
Heard May 14, 2013 – Filed May 22, 2013

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Issac McDuffie Stone, III, of Beaufort, for Respondent.

———————————

**PER CURIAM:** This appeal arises from Appellant Andre Richardson's conviction for murder and financial identity fraud. On appeal, Richardson argues the trial court erred by denying his motion for a directed verdict on the murder charge because the State failed to present sufficient circumstantial evidence Richardson murdered his grandfather. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) ("On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State."); *State v. Garvin*, 341 S.C. 122, 125, 533 S.E.2d 591, 592 (Ct. App. 2000) (providing that although the trial court should grant a motion for a directed verdict when the evidence merely raises a suspicion of the accused's guilt, the trial court must submit the case to the jury if any direct or substantial circumstantial evidence exists that reasonably tends to prove the accused's guilt); *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001) (noting when the State relies exclusively on circumstantial evidence, the trial court "is required to submit the case to the jury if there is any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced"); *State v. Pace*, 337 S.C. 407, 415, 523 S.E.2d 466, 470 (Ct. App. 1999) ("As a general rule, any act or conduct on the part of the accused is admissible as some evidence of consciousness of guilt."); *United States v. Burgos*, 94 F.3d 849, 867 (4th Cir. 1996) ("Relating implausible, conflicting tales to the jury can be rationally viewed as further circumstantial evidence indicating guilt."); *State v. Trull*, 571 S.E.2d 592, 599 (N.C. Ct. App. 2002) (noting "evidence of a defendant's refusal to submit to a lawful testing or identification procedure has been held admissible when offered as circumstantial evidence of guilt"); *id.* (holding the trial court did not err in admitting evidence that the defendant refused to submit to a gunshot residue test).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**