STATE OF NORTH CAROLINA v. CHRISTOPHER NATHANIEL JONES, DEFENDANT

No. COA02-1633

(Filed 20 July 2004)

**Homicide— attempted common law murder—not recognized**

Attempted common law murder is not recognized by the General Statutes. Defendant's conviction, based on an indictment for that offense, was vacated.

Appeal by defendant from judgment entered 8 August 2001 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 November 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien for the State.*

*Paul Pooley for the defendant.*

ELMORE, Judge.

Defendant and victim were both employees at Buffalo Tire Shop. After an argument, defendant retrieved a gun from his car, reentered the shop, and shot at the victim, hitting him in the shoulder and left hip. Defendant was charged with attempted common law murder, assault with a deadly weapon with intent to kill inflicting serious injury (ADWWIKISI), and assault by pointing a weapon. Defendant was found guilty of all charges by a jury, and sentenced to active time.

Defendant first argues on appeal that N.C. Gen. Stat. § 15-144, authorizing the short-form murder indictment, does not support an indictment for attempted murder. We agree and vacate the conviction.

We first note that the assignment of error indicated in defendant's brief is the incorrect assignment for this issue; he cites to assignment #1, and the argument in the footnote and in the reply brief are based on assignment #2. Assignment #1 concerns the short form indictment, and has no merit. Assignment #2 attacks the common law offense, which is a valid argument. The error in numeration is not fatal to defendant's argument.

Our Supreme Court has passed on the issue of short form indictments several times and has consistently held that short-form

indictments are "in compliance with both the North Carolina and United States Constitutions." *State v. Braxton*, 352 N.C. 158, 174, 531 S.E.2d 428, 437 (2000), *cert. denied*, 531 U.S. 1130, 148 L. Ed. 2d 797 (2001); *see also State v. Lytch*, 142 N.C. App. 576, 579-80, 544 S.E.2d 570, 572 (2001), *affirmed*, 355 N.C. 270, 559 S.E.2d 547 (2002).

As for the sufficiency of the indictment for a second degree common law murder conviction, N.C. Gen. Stat. § 15-170 states, "[u]pon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." N.C. Gen. Stat. § 15-170 (2003).

Because the indictment is constitutional and sufficient for murder, it will support a conviction for attempted murder. However, although the short form indictment is constitutional, this indictment is not correct because the crime of attempted common law murder is not recognized by our General Statutes.

Our Supreme Court, in the case of *State v. Coble*, 351 N.C. 448, 527 S.E.2d 45 (2000) reasoned:

First degree murder, which has as an essential element the intention to kill, has been called a specific intent crime. Second degree murder, which does not have this element, has been called a general intent crime.

"In connection with [second-degree murder and voluntary manslaughter], the phrase 'intentional killing' refers not to the presence of a specific intent to kill, but rather to the fact that the act which resulted in death is intentionally committed . . . ." . . . Moreover, we have explained that specific intent to kill is " 'a necessary constituent of the elements of premeditation and deliberation in first degree murder [] [and] is not an element of second degree murder or manslaughter.' " . . . Therefore, it logically follows that the crime of attempted murder, as recognized in this state, can be committed only when a person acts with the specific intent to commit first-degree murder.

. . .

Because specific intent to kill is not an element of second-degree murder, the crime of attempted second-degree murder is a logical impossibility under North Carolina law. The crime of

attempt requires that the actor specifically intend to commit the underlying offense. It is logically impossible, therefore, for a person to specifically intend to commit a form of murder which does not have, as an element, specific intent to kill. As the United States Supreme Court stated, "Although a murder may be committed without an intent to kill, attempt to commit murder requires a specific intent to kill." *Braxton,* 500 U.S. at 351, 114 L. Ed. 2d at 393. Accordingly, the crime of attempted murder is logically possible only where specific intent to kill is a necessary element of the underlying offense.

*State v. Coble,* 351 N.C. 448, 449-51, 527 S.E.2d 45, 47-48 (2000) (most citations omitted).

In light of the foregoing reasoning, we vacate defendant's conviction for the defect in the indictment.

Vacated.

Judges WYNN and TIMMONS-GOODSON concur.