STATE OF NORTH CAROLINA v. CHRISTOPHER NATHANIEL JONES

No. 389PA04

(Filed 19 August 2005)

### 1. Homicide— attempted common law murder—short-form indictment

The Court of Appeals erred by concluding that the short-form indictment in this case charged defendant with the offense of attempted common law murder which is an offense not recognized by our General Statutes because a reasonable implication of the indictment is that when it alleged that defendant "did attempt to murder," it could only have meant attempted first-degree murder since North Carolina does not recognize a criminal offense denominated as attempted second-degree murder.

**2. Homicide— attempted first-degree murder—short-form indictment**

N.C.G.S. § 15-144, when construed alongside N.C.G.S. § 15-170, implicitly authorizes the use of a short-form indictment to charge attempted first-degree murder. When drafting such an indictment, it is sufficient for statutory purposes for the State to allege "that the accused person feloniously, willfully, and of his malice aforethought, did [attempt to] kill and murder" the named victim.

**3. Homicide— attempted first-degree murder—short-form indictment—constitutionality**

The short-form indictment used to charge defendant with attempted first-degree murder was constitutional.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 165 N.C. App. 540, 598 S.E.2d 694 (2004), vacating a judgment entered on 8 August 2001 by Judge Forrest D. Bridges in Superior Court, Mecklenburg County. On 6 October 2004, the Supreme Court allowed defendant's conditional petition for discretionary review as to additional issues. Heard in the Supreme Court 14 March 2005.

*Roy Cooper, Attorney General, by Daniel P. O'Brien, Assistant Attorney General, for the State-appellant/appellee.*

*Paul Pooley for defendant appellee/appellant.*

MARTIN, Justice.

This appeal presents the issue of whether N.C.G.S. § 15-144 authorizes the use of a short-form indictment to charge attempted first-degree murder.

Evidence presented at trial tended to show that on 30 June 2000, defendant Christopher Nathaniel Jones had an argument with his coworker, Romario Robinson, at their Pineville, North Carolina workplace, Buffalo Tire. After an angry exchange of words, Robinson grabbed a baseball bat, raised it into the air, and directed it towards defendant. Jonathan Lucas, a manager at Buffalo Tire, overheard the argument and arrived just in time to intercept and grab the baseball bat as Robinson swung it downward. Defendant then left the building, retrieved a firearm from his car, reentered the building, chased down Robinson, and shot him twice.

On 17 July 2000, a Mecklenburg County grand jury indicted defendant for assault by pointing a gun and assault with a deadly weapon with intent to kill inflicting serious injury. The grand jury also indicted defendant for attempted murder, the indictment stating that defendant "did unlawfully, wilfully, and feloniously and of malice aforethought attempt to kill and murder Romario Robinson." On 8 August 2001, the jury found defendant guilty of all three offenses, and the trial court entered judgments accordingly. Defendant gave notice of appeal in open court.

In the Court of Appeals, defendant argued that N.C.G.S. § 15-144, which authorizes use of the short-form murder indictment, did not support defendant's conviction for *attempted* murder. The Court of Appeals rejected defendant's argument, explaining that "[b]ecause the indictment is constitutional and sufficient for murder, it will support a conviction for attempted murder." *State v. Jones*, 165 N.C. App. 540, 541, 598 S.E.2d 694, 695 (2004). Nonetheless, the Court vacated defendant's conviction, reasoning that the indictment charged the offense of "attempted common law murder," which is "not recognized by our General Statutes." *Id.*

In 1887, the General Assembly enacted N.C.G.S. § 15-144, which authorizes the use of a short-form indictment for homicide crimes. N.C.G.S. § 15-144 (2003). *See generally State v. Hunt*, 357 N.C. 257, 268-70, 582 S.E.2d 593, 600-02 (2003) (tracing the legislative history of the short-form indictment), *cert. denied*, 539 U.S. 985, 156 L. Ed. 2d 702 (2003). We have previously upheld the use of the short-form murder indictment in the face of both constitutional and statutory challenges. *See, e.g., id.* at 274, 582 S.E.2d at 604-05 (noting that "this Court has consistently and unequivocally upheld short-form murder indictments as valid under both the United States and the North Carolina Constitutions"); *State v. King*, 311 N.C. 603, 609-10, 320 S.E.2d 1, 6 (1984) (stating that "an indictment drawn in conformity with section 15-144 . . . is sufficient in law to charge first degree murder and all lesser included offenses").

[1] Defendant raises two challenges to the indictment at issue. First, defendant contends that this indictment is statutorily defective. Defendant notes that N.C.G.S. § 15-144 does not include specific language authorizing a short-form indictment for attempted murder. Defendant compares this statute to the statutes authorizing short-form indictments for rape and sex offenses, which do include language expressly authorizing such indictments to support verdicts of "attempted rape" and "attempt to commit a sex offense." N.C.G.S.

§ 15-144.1 (2003); N.C.G.S. § 15-144.2 (2003). Defendant contends that under the canon of construction *"expressio unius est exclusio alterius,"* it logically follows that the General Assembly did not intend for the short-form indictment for murder to support a charge of *attempted* murder. We disagree.

In *State v. Coble,* a jury found the defendant guilty of attempted second-degree murder. 351 N.C. 448, 448, 527 S.E.2d 45, 46 (2000). This Court in *Coble* explained that "second-degree murder" is a general intent crime requiring intent to commit the act resulting in death, whereas the crime of "attempt" is a specific intent crime requiring intent to commit the underlying offense. *Id.* at 449-50, 527 S.E.2d at 46-47. "Because specific intent to kill is not an element of second-degree murder," we concluded that "the crime of attempted second-degree murder is a logical impossibility under North Carolina law." *Id.* at 451, 527 S.E.2d at 48.One reasonable implication of *Coble* is that, when the short-form indictment in the instant case alleged that defendant "did . . . attempt to . . . murder," the indictment could only have meant attempted first-degree murder because North Carolina does not recognize a criminal offense denominated as attempted second-degree murder. *Id.* Accordingly, we reject the Court of Appeals' conclusion that the instant indictment charged the offense of "attempted common law murder," an offense not recognized by our General Statutes.

**[2]** We next address whether N.C.G.S. § 15-144, which authorizes the use of the short-form indictment to charge murder and manslaughter, also authorizes the use of the short-form indictment for *attempted* first-degree murder. Although a question of first impression for this Court, the Court of Appeals has sustained this use of the short-form indictment on at least three occasions. *See, e.g., State v. Andrews,* 154 N.C. App. 553, 559-60, 572 S.E.2d 798, 803 (2002), *cert. denied,* 358 N.C. 156, 592 S.E.2d 696 (2004); *State v. Trull,* 153 N.C. App. 630, 640, 571 S.E.2d 592, 599 (2002); *appeal dismissed,* 356 N.C. 691, 578 S.E.2d 596 (2003), *disc. rev. denied,* 356 N.C. 691, 578 S.E.2d 597 (2003); *State v. Choppy,* 141 N.C. App. 32, 41, 539 S.E.2d 44, 50-51 (2000) (upholding indictment alleging "defendant . . . unlawfully, willfully and feloniously and of malice aforethought did attempt to kill and murder [the victim]"), *appeal dismissed and disc. rev. denied,* 353 N.C. 384, 547 S.E.2d 817 (2001).

The cardinal principle of statutory construction is to discern the intent of the legislature. *N.C. Sch. Bds. Ass'n v. Moore,* —— N.C. ——, ——, 614 S.E.2d 504, 512 (2005); *Burgess v. Your House of Raleigh,*

*Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 137 (1990). In discerning the intent of the General Assembly, statutes *in pari materia* should be construed together and harmonized whenever possible. *Williams v. Williams*, 299 N.C. 174, 180-81, 261 S.E.2d 849, 854 (1980). In light of these canons of construction, we construe N.C.G.S. § 15-144 alongside N.C.G.S. § 15-170, another statutory provision in Chapter 15 related to the sufficiency of indictments. N.C.G.S. § 15-170 provides that "[u]pon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, *or of an attempt to commit the crime so charged,* or of an attempt to commit a less degree of the same crime." N.C.G.S. § 15-170 (2003) (emphasis added). This statute, which was enacted in 1891, permits an indictment for first-degree murder to sustain a conviction for *attempted* first-degree murder. *See id.*

Defendant contends that N.C.G.S. § 15-170 is inapposite for two reasons. First, defendant argues that section 15-170 is applicable only when there is evidence tending to show that the defendant may be guilty of a *lesser-included offense.* In support of this contention, defendant relies on *State v. Jones,* in which we stated that "G.S. 15-169 and G.S. 15-170 are applicable *only when there is evidence* tending to show that the defendant may be guilty of a lesser offense." 249 N.C. 134, 139, 105 S.E.2d 513, 516 (1958). But the issue presented in *Jones* and in the cases cited therein was whether the trial court's failure to instruct the jury as to a lesser-included offense constituted reversible error. *Id.* With respect to this issue, we concluded that " '[t]he necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed.' " *Id.* (quoting *State v. Hicks,* 241 N.C. 156, 159, 84 S.E.2d 545, 547 (1954)). In the present case, by contrast, we consider the express provision in N.C.G.S. § 15-170 that an indictment will support a conviction "of an *attempt* to commit the crime so charged." N.C.G.S. § 15-170 (emphasis added). It is implausible to suggest that N.C.G.S. § 15-170 permits an indictment to support a conviction for *attempt* only when the evidence supports the defendant's conviction for a *lesser-included* offense. Because *Jones* did not address the language in N.C.G.S. § 15-170 concerning *attempt,* it does not foreclose our consideration of the statute in the instant case.

Second, defendant argues that because he was charged with *attempted* murder, not murder, the statute has no application to the

instant case. Defendant emphasizes that N.C.G.S. § 15-170 permits an indictment to support a conviction for attempt to commit *the crime charged* and that the instant indictment expressly charged defendant with *attempted* murder. As defendant puts it, whether he "could be convicted of . . . 'attempted' attempted murder is not at issue" in this case.

We agree with defendant that N.C.G.S. § 15-170 does not, in and of itself, authorize the use of the short-form indictment to allege attempted first-degree murder. Indeed, the question presented is whether the instant indictment is valid under N.C.G.S. § 15-144, not N.C.G.S. § 15-170. Nonetheless, N.C.G.S. § 15-170 is relevant to our inquiry in that it reflects the General Assembly's judgment that, for purposes of the indictment requirement, attempt is generally treated as a subset of the completed offense. This general principle is further reflected in other provisions in Chapter 15 and in our case law arising under that Chapter. *See, e.g.*, N.C.G.S. § 15-144.1(a) (providing that a short-form indictment for rape will support a conviction for attempted rape); N.C.G.S. § 15-144.2(a) (providing that a short-form indictment for sex offense will support a conviction for attempted sex offense); *State v. Surles*, 230 N.C. 272, 52 S.E.2d 880 (1949) (upholding the defendant's conviction for *attempted* second-degree burglary in a prosecution for burglary).

Moreover, construing N.C.G.S. § 15-144 to permit the use of the short-form indictment for attempted first-degree murder in no way undermines the purposes of the indictment requirement. We have previously stated that the chief policies underlying the indictment requirement are (1) "to give the defendant notice of the charge against him to the end that he may prepare a defense and be in a position to plead double jeopardy if he is again brought to trial for the same offense" and (2) "to enable the court to know what judgment to pronounce in case of conviction." *State v. Sills*, 311 N.C. 370, 375-76, 317 S.E.2d 379, 382 (1984). In the instant case, the addition of the word "attempt" to the indictment at issue could only have *bolstered* these salutary principles by narrowing the focus of the trial and restricting the range of possible convictions beyond those authorized by an unmodified short-form murder indictment.

It is well settled that "[i]n construing statutes courts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results." *State ex rel. Comm'r of Ins. v. N.C. Auto. Rate Admin.*

*Office*, 294 N.C. 60, 68, 241 S.E.2d 324, 329 (1978). Applying this principle, there is no question that a short-form indictment for first-degree murder *would* support a conviction for attempted first-degree murder. *See* N.C.G.S. § 15-170; *see also Hunt*, 357 N.C. 257, 582 S.E.2d 593 (upholding an indictment virtually identical to that in the instant case, with the exception of the "attempt to" language). Yet on defendant's construction of the applicable statutes, the insertion of the words "attempt to" in the instant indictment would render the indictment invalid and unable to support a conviction for the crime charged. In other words, the state would be penalized for amending the indictment in a manner that better reflects the state's theory of the case and *limits* the range of possible convictions to one particular offense—attempted first-degree murder. We will not countenance a construction of N.C.G.S. § 15-144 that would operate in such a manner. Accordingly, we hold that N.C.G.S. § 15-144, when construed alongside N.C.G.S. § 15-170, implicitly authorizes the state to utilize a short-form indictment to charge attempted first-degree murder. We further hold that when drafting such a indictment, it is sufficient for statutory purposes for the state to allege "that the accused person feloniously, willfully, and of his malice aforethought, did [attempt to] kill and murder" the named victim.

[3] Defendant next argues that the instant indictment violates the United States and North Carolina Constitutions. Defendant argues that since the indictment fails to allege specific intent, premeditation, and deliberation, it is unconstitutional. In *State v. Hunt*, this Court thoroughly addressed the issue of whether short-form indictments pursuant to N.C.G.S. § 15-144 are constitutional in light of the United States Supreme Court decisions in *Ring v. Arizona*, 536 U.S. 584, 153 L. Ed. 2d 556 (2002), *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000), and *Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311 (1999), and held that the short-form indictment for first-degree murder fully comports with the United States Constitution. 357 N.C. at 265-78, 582 S.E.2d at 599-607. Indeed, multiple decisions of this Court have upheld the constitutionality of N.C.G.S. § 15-144 under both the federal and state constitutions. *See State v. Braxton*, 352 N.C. 158, 173-75, 531 S.E.2d 428, 436-38 (2000) (federal and state constitutions), *cert. denied*, 531 U.S. 1130, 148 L. Ed. 2d 797 (2001); *State v. Wallace*, 351 N.C. 481, 508, 528 S.E.2d 326, 343 (federal constitution), *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000); *State v. Kilpatrick*, 343 N.C. 466, 472, 471 S.E.2d 624, 628 (1996) (federal constitution); *State v. Avery*, 315 N.C. 1, 12-14, 337 S.E.2d 786, 792-93

(1985) (state constitution). Defendant contends that *Hunt* does not control in the instant case because *Hunt* concerned a short-form indictment and attempted first-degree murder cannot validly be charged by a short-form indictment. As discussed above, however, the short-form indictment in the instant case is statutorily sufficient. Therefore, *Hunt* applies, and the indictment in the present case is constitutionally valid.

Similarly, defendant's reliance on *State v. Lucas*, 353 N.C. 568, 597-98, 548 S.E.2d 712, 731 (2001) (holding that the state must allege a firearm enhancement in an indictment), is misplaced. *Hunt* makes clear that "the principles of *Lucas* do not otherwise apply to short-form indictments." *Hunt*, 357 N.C. at 273, 582 S.E.2d at 603. Consequently, the indictment in the instant case comports with both statutory and constitutional requirements.

As a practical matter, the record reflects that there was no doubt at any stage of the proceedings that defendant was being tried for attempted first-degree murder. There were several indications throughout the trial that defendant had proper notice of the attempted murder charge. For instance, defense counsel requested that the trial court instruct on the "element instructions on attempted murder." Without objection, the trial court instructed the jury as follows: "As I said, the Defendant has been charged, first of all, with attempted murder, which in North Carolina means attempted first degree murder." We therefore believe that the indictment gave defendant adequate notice of the alleged criminal offense under North Carolina law and that defendant was in no way prejudiced by the use of the short-form indictment.

Accordingly, we reverse the decision of the Court of Appeals and remand to that Court for further remand to the Superior Court of Mecklenburg County for entry of judgment consistent with this opinion.

REVERSED.