STATE OF NORTH CAROLINA v. HAROLD LEO McVAY, III, DEFENDANT

No. COA04-1370

(Filed 1 November 2005)

## 1. Homicide— attempted first-degree murder—short-form indictment

A short-form indictment using language from N.C.G.S. § 15-144 properly charged defendant with attempted first-degree murder.

## 2. Evidence— lay opinion—defendant trying to kill officer

The trial court did not err in an attempted first-degree murder prosecution by admitting the lay opinion of various law enforcement officers that defendant "tried to kill" an officer. The testimony of the officers amounted to nothing more than shorthand statements of fact based on their knowledge and observations.

## 3. Criminal Law— jury request to review testimony—denial not an abuse of discretion—concern about narrow focus

The trial court reasonably exercised its discretion in an attempted murder and assault prosecution by denying the jury's request to review a deputy's testimony. The court was clearly concerned that the jury might overemphasize the testimony of the deputy and not properly consider the totality of the evidence.

STATE v. McVAY

[174 N.C. App. 335 (2005)]

Appeal by defendant from judgments dated 20 May 2004 by Judge J. Marlene Hyatt in Jackson County Superior Court. Heard in the Court of Appeals 8 June 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General John J. Aldridge, III, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Constance E. Widenhouse, for defendant.*

BRYANT, Judge.

On 8 December 2003, Harold Leo McVay, III, (defendant) was indicted on seven counts of assault with a firearm on a law enforcement officer (03 CRS 2746-2748, 2752, 2753-55); assault with a deadly weapon with intent to kill (03 CRS 2750); attempted murder (03 CRS 2751); and discharging a firearm in city limits (03 CRS 2756). Defendant was tried before a jury at the 17 May 2004 criminal session of the Jackson County Superior Court, the Honorable J. Marlene Hyatt presiding. On 20 May 2004, the jury found defendant guilty of attempted murder, assault with a deadly weapon with intent to kill, and four counts of assault with a firearm on a law enforcement officer. The jury found defendant not guilty on three counts of assault with a firearm on a law enforcement officer. The trial court dismissed the charge of discharging a firearm in city limits for insufficient evidence and arrested judgment on the charge of assault with a deadly weapon with intent to kill. Defendant appeals his convictions.

*Facts*

On 18 October 2003 at approximately 6:00 p.m., Officer Shannon Ashe of the Sylva Police Department responded to a call of shots fired at 69 Magnolia Street in Sylva, North Carolina. Upon arrival, Officer Ashe saw defendant standing on the porch of the house and talking to an individual standing inside the doorway. Officer Ashe ordered defendant to show his hands, whereupon defendant turned around and fired two shots at Officer Ashe with a nine-millimeter handgun. Officer Ashe was struck once in his abdomen, but was protected from the full force of the shot by his bulletproof vest. Officer Ashe retreated to cover and called for backup. Defendant fired two or three more shots at Officer Ashe and Officer Ashe returned fire. His backup having not arrived, Officer Ashe retreated down the street and lost sight of defendant.

Several officers from various law enforcement agencies responded to the scene to support Officer Ashe. After setting up a

perimeter and conducting a search of the area, defendant was located in his house at 61 Magnolia Drive. The officers took up positions around the back of the house and Deputy Matthew Helton of the Jackson County Sheriff's Department established a dialogue with defendant through the storm door. Deputy Helton attempted to convince defendant to lay down his weapon and surrender to the officers, but defendant refused. Defendant and Deputy Helton talked off and on for at least 45 minutes. During this time defendant would speak with Deputy Helton while standing behind a closed storm door, holding his handgun in his right hand and often drinking a beer he held in his left hand. At one point during the dialogue defendant stated, "This is going to end in thirty seconds." Shortly thereafter, defendant broke out the glass of the storm door and began firing toward Deputy Helton. Defendant swept his weapon in an arc from right to left while firing a total of three to four times. The defendant's shots were heard going over the heads of Trooper Denny Wood of the North Carolina Highway Patrol, and Deputy Blake Watson of the Jackson County Sheriff's Department.

Deputy John Fox of the Jackson County Sheriff's Department returned fire with his rifle, firing two or three shots, none of which struck defendant. Deputy Helton also returned fire with his shotgun, discharging a total of three rounds, hitting defendant and causing him to fall back into his house. Officers then ran into the house, finding defendant wounded and lying on the floor. Defendant was taken into custody and then transported by ambulance to Harris Regional Hospital.

---

On appeal, defendant raises three issues: (I) whether defendant's conviction for attempted first degree murder must be vacated because North Carolina does not authorize a short-form indictment for attempted murder; (II) whether the trial court erred by admitting lay opinion testimony by various law enforcement officers that defendant "tried to kill" Officer Ashe; and (III) whether the trial court committed reversible error when it denied the jury's request to review the testimony of Deputy Watson. For the following reasons, we find no error.

*I*

[1] Defendant first argues that as North Carolina does not specifically authorize the use of a short-form indictment for the crime of attempted murder and because the indictment at issue did not suffi-

ciently allege the offense of attempted first-degree murder, his conviction for attempted murder must be vacated. Defendant also relies on a recent decision by this Court where a conviction for attempted murder was vacated based on a faulty indictment which used short-form language for first-degree murder and charged attempted common law murder. *See State v. Jones,* 165 N.C. App. 540, 598 S.E.2d 694 (2004), *rev'd* 359 N.C. 832, 616 S.E.2d 496 (2005). Subsequent to defendant's filing of his brief, the North Carolina Supreme Court reversed this Court's holding in *Jones,* finding short-form indictments for attempted first-degree murder constitutional and statutorily authorized. *State v. Jones,* 359 N.C. 832, 616 S.E.2d 496 (2005). See also, *State v. Andrews,* 154 N.C. App. 553, 559-60, 572 S.E.2d 798, 803 (2002); *State v. Trull,* 153 N.C. App. 630, 640, 571 S.E.2d 592, 599 (2002); and *State v. Choppy,* 141 N.C. App. 32, 41, 539 S.E.2d 44, 50-51 (2000); all finding short-form indictments sufficient to charge attempted first-degree murder.

Section 15-144 of the North Carolina General Statutes provides in an indictment for murder, "it is sufficient in describing murder to allege that the accused person feloniously, willfully, and of his malice aforethought, did kill and murder [victim's name]." N.C. Gen. Stat. § 15-144 (2003). Section § 15-170 further provides that "[u]pon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." N.C. Gen. Stat. § 15-170 (2003). The North Carolina Supreme Court has held that when N.C.G.S. § 15-144 is construed alongside N.C.G.S. § 15-170, the use of a short-form indictment to charge attempted first-degree murder is authorized. *Jones,* 359 N.C. at 838, 616 S.E.2d at 499. "[W]hen drafting such a indictment, it is sufficient for statutory purposes for the state to allege 'that the accused person feloniously, willfully, and of his malice aforethought, did [attempt to] kill and murder' the named victim." *Id.*

The indictment in the instant case charges defendant with the offense of attempted first-degree murder using the language from N.C. Gen. Stat. § 15-144, and states: "The jurors for the State upon their oath present that on or about the date of the offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did OF MALICE AFORETHOUGHT ATTEMPT TO KILL AND MURDER SHANNON RICHARD ASHE." Defendant was properly charged in a short-form indictment with attempted first-degree murder. This assignment of error is overruled.

*II*

**[2]** Defendant next argues the trial court erred by admitting lay opinion testimony of various law enforcement officers that defendant "tried to kill" Officer Ashe. Defendant contends such testimony amounted to an improper expression of opinion in violation of the rules of evidence governing lay opinion testimony.

Under the North Carolina Rules of Evidence, a lay witness may testify in the form of opinions or inferences only if the opinions or inferences are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." N.C. Gen. Stat. § 8C-1, Rule 701 (2003). "Testimony in the form of an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." N.C. Gen. Stat. § 8C-1, Rule 704 (2003).

> [Our courts have] long held that a witness may state the 'instantaneous conclusions of the mind as to the appearance, condition, or mental or physical state of persons, animals, and things, derived from observation of a variety of facts presented to the senses at one and the same time.' Such statements are usually referred to as shorthand statements of facts.

*State v. Spaulding*, 288 N.C. 397, 411, 219 S.E.2d 178, 187 (1975), *sentence vacated on other grounds*, 428 U.S. 904, 49 L. Ed. 2d 1210 (1976). *See also, State v. Marlow*, 310 N.C. 507, 523-24, 313 S.E.2d 532, 542 (1984) (testimony that an event occurred "after the murder" held to be a shorthand statement of fact); *State v. Porter*, 303 N.C. 680, 685, 281 S.E.2d 377, 381 (1981) (witness' testimony he had been "robbed" properly admitted as a shorthand statement of fact).

Here, the testimony by the officers amounted to nothing more than shorthand statements of fact based on their knowledge and observations. The statements made by the officers do not implicate the guilt or mental state or intent of defendant, but rather explain their perceptions and the impact of those perceptions on their actions. This assignment of error is overruled.

*III*

**[3]** Finally, defendant contends the trial court failed to exercise its discretion in denying the jury's request to review the testimony of Deputy Watson. The trial court has the discretionary authority to allow the jury, upon request, to reexamine material received in evi-

dence and to review portions of the testimony. N.C. Gen. Stat. § 15A-1233(a) (2003). When presented with a request to review the testimony of a witness "the trial court must exercise its discretion in determining whether to permit requested evidence to be read to or examined by the jury together with other evidence relating to the same factual issue." *State v. Ashe*, 314 N.C. 28, 34, 331 S.E.2d 652, 656 (1985). A court's complete failure to exercise discretion amounts to reversible error. *Ashe*, 314 N.C. at 35, 331 S.E.2d at 656-57 (Where the trial court felt it could not grant the request because the transcript was not available . . . the court erred by not exercising its discretion in denying the request.); *see also, State v. Lang*, 301 N.C. 508, 272 S.E.2d 123 (1980) (Where our Supreme Court found a failure to exercise discretion when the trial court responded to a request to have the transcript of a witness' testimony read to it by stating "the transcript is not available to the jury."). Otherwise, a court's ruling under N.C. Gen. Stat. § 15A-1233(a) is a discretionary decision and it ordinarily will be reviewed only for an abuse of discretion. *State v. Perez*, 135 N.C. App. 543, 554, 522 S.E.2d 102, 110 (1999). An abuse of discretion occurs "where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

Defendant argues the trial court's decision not to permit the jury review of Deputy Watson's testimony was both arbitrary and not the result of a reasoned decision-making process. However, the record clearly shows the trial court reasonably exercised its discretion in denying the jury's request. With all of the jurors in the courtroom, the court stated:

> I am sorry but I am not going to grant your request. The jury has the responsibility of recalling all the evidence. To begin rehearing parts of the evidence by means of providing you with a written transcript would tend to emphasize certain portions of the evidence without giving equal publication to the other evidence in the case.
>
> For that reason, it would be best not to let portions of the evidence be repeated without having it all repeated because all of the evidence is important.

The trial court was clearly concerned that by allowing the jury to review the testimony of only one of the many witnesses heard at the trial the jury might overemphasize the testimony of Deputy Watson

and not properly consider the totality of the evidence before them. Our Supreme Court has held that "[i]n instructing the jury to rely upon their individual recollections to arrive at a verdict, the trial court exercised its discretion and complied with the requirements of N.C.G.S. § 15A-1233(a)." *State v. Corbett*, 339 N.C. 313, 338, 451 S.E.2d 252, 265 (1994); *see also, State v. Harden*, 344 N.C. 542, 563, 476 S.E.2d 658, 669 (1996). The trial court property exercised its discretion in denying the jury's request to review Deputy Watson's testimony and the denial was not an abuse of the trial court's discretion. This assignment of error is overruled.

No error.

Judges McCULLOUGH and TYSON concur.