IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-720

Filed 7 May 2024

Rutherford County, No. 20 CRS 168-69, 50390

STATE OF NORTH CAROLINA

v.

NELSON EMUEL MONTGOMERY, JR., Defendant.

Appeal by Defendant from judgment entered 31 January 2023 by Judge J. Thomas Davis in Rutherford County Superior Court. Heard in the Court of Appeals 23 January 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Miranda Shanice Holley, for the State.*

*Stanley F. Hammer for defendant-appellant.*

MURPHY, Judge.

Actual possession occurs when the accused has physical or personal custody of the item. Constructive possession occurs when the accused has both the power and intent to control its disposition or use. Where, as here, a defendant directs a third party to hide items at a location where he was arrested, the evidence is sufficient to show both that Defendant actually possessed the items at issue prior to his arrest and that he constructively possessed the items through the direction of the third party. And, with such evidence present, a trial court does not plainly err in omitting an unrequested instruction on attempt in its jury instructions.

Finally, a trial court does not abuse its discretion in allowing a jury's request to revisit evidence during deliberations simply because it did not explicitly and extemporaneously remind the jury that it must consider evidence outside the scope of its request. Here, where the jury was appropriately instructed that it should consider all the evidence during the jury charge and the trial court observed all statutory requirements associated with a replay of Defendant's recorded phone calls, no abuse of discretion occurred.

## BACKGROUND

On 9 March 2020, Defendant was indicted for possession of a firearm by felon, possession of methamphetamine, and attaining habitual felon status. Defendant stood trial starting on 28 November 2022, during which the State presented testimony from a lieutenant of the Rutherfordton Police Department that he was present at the time of Defendant's arrest and was informed that Defendant had made a phone call from jail indicating he had left items behind at the location where he was arrested. Specifically, the officer noted that Defendant "made a few phone calls to a woman he referred to as Nikki, later determined to be Amy Nichole Hall. During those phone calls, he was adamant about picking up some belongings from the house he [was] arrested at, even describing where the items were and what they were on the back porch of the house."

For the purposes of illustrating and explaining the lieutenant's testimony, the State also presented recordings of the calls Defendant made from jail, all of which

took place on the same day as the arrest. The calls, only portions of which were played for the jury, contained, *inter alia*, the following:

- Instructions from Defendant to Hall to "get my coat and that thing and some stuff in my coat."

- Defendant's statements that the location he was describing was where he was arrested.

- An expression of Defendant's belief that the police "don't even know I came on the back porch."

- A specific representation by Defendant that something was in the sleeve of the jacket.

- A conversation in which Defendant requested that Hall sell something with the intent that he get it back later.

After the calls were played for the jury, the lieutenant further testified that, after listening to the recorded calls, law enforcement obtained from Hall Defendant's jacket that he had left at the site of his arrest, and two clear bags were obtained from the left sleeve of the jacket. At the time Hall met with law enforcement, she had come from a nearby residence belonging to Glenesa Causby—an acquaintance of Defendant's referenced in the jail calls—and that another acquaintance of Defendant referenced in the calls, Paul Green, had stowed a firearm there. Finally, the lieutenant testified that a holster was discovered on the back porch of the house where Defendant was arrested.

Thereafter, a forensic chemist with the State Crime Lab testified that the plastic bag obtained from the sleeve of Defendant's jacket was found to contain methamphetamine.

Defendant moved to dismiss all charges at the close of the State's evidence, and the trial court denied the motion. At the close of all evidence, Defendant renewed his motion to dismiss, which the trial court again denied. Defendant did not request, nor did the trial court provide, instruction to the jury on any offenses beyond those with which Defendant was charged. During deliberations, the jury asked to rehear one of the recordings of Defendant's phone calls from jail, which the trial court allowed over Defendant's objection.

Defendant was convicted on all charges and appealed in open court.

## ANALYSIS

On appeal, Defendant argues the trial court (A) erred in denying his motion to dismiss with respect to the two possession charges, (B) plainly erred in failing to instruct the jury on theories of attempt with respect to both possession charges, and (C) abused its discretion in permitting the jury to hear the recordings of Defendant in jail a second time. The trial court did not err in any respect.

### A. Motion to Dismiss

We review the trial court's denial of a motion to dismiss for insufficient evidence de novo. *State v. McKinnon*, 306 N.C. 288, 298 (1982). In evaluating the trial court's ruling, we must consider "whether there is substantial evidence (1) of

each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant[] being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98 (1980), *cert. denied*, 464 U.S. 865 (1983). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79 (1980). The evidence must be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences therefrom. *State v. Garcia*, 358 N.C. 382, 412-13 (2004), *cert. denied*, 543 U.S. 1156 (2005).

Defendant has challenged the sufficiency of the evidence with respect to both his possession of a firearm by felon charge and his possession of methamphetamine charge. Possession of a firearm by felon is governed by N.C.G.S. § 14-415.1, which provides that "[i]t shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm . . . ." N.C.G.S. § 14-415.1(a) (2023). Similarly, Defendant's methamphetamine possession was charged under N.C.G.S. § 90-95(a)(3), which provides that, "[e]xcept as authorized by this Article, it is unlawful for any person[]. . . [t]o possess a controlled substance." N.C.G.S. § 90-95(a)(3) (2023).

> Possession of any item may be actual or constructive. Actual possession occurs when the party has physical or personal custody of the item. Constructive possession occurs when the accused has both the power and intent to control its disposition or use. Circumstances which are sufficient to support a finding of constructive possession include close proximity to the [item] and conduct indicating

> an awareness of the [item], such as efforts at concealment
> or behavior suggesting a fear of discovery[.]

*State v. Bradley*, 282 N.C. App. 292, 296-97 (2022) (marks and citations omitted),

*modified on other grounds and aff'd*, 384 N.C. 652 (2023).

Defendant argues that evidence of his possession of both a firearm[1] and methamphetamine were insufficient. However, evidence that he possessed both was present on the record. Defendant's jail calls reflect that he sought to control the disposition and use of both the gun and the methamphetamine by directing Hall to remove them from the scene of his arrest. The fact that Defendant used thinly veiled rhetoric—referring to the gun and drugs as the "thing" and the "stuff"—does not render the evidence of his awareness of the items any less valid, especially in light of his demonstrable cognizance of what and where they were through his specifically directing Hall to the sleeve containing the drugs. This was sufficient evidence from which a jury could have concluded Defendant constructively possessed both items. Furthermore, the location of the items at the point where Defendant was arrested, Defendant's cognizance of them, and his specific attempts to conceal them by removing them from the site of his arrest was sufficient evidence from which a jury could have concluded Defendant actually possessed the items prior to his arrest. The trial court did not err in denying Defendant's motion to dismiss.

**B. Plain Error**

---

[1] Defendant does not meaningfully contest his having been a felon at the time of the offense.

Defendant next contends the trial court plainly erred in failing to instruct the jury on theories of attempt with respect to both possession charges.

> The plain error rule is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where the error is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Odom*, 307 N.C. 655, 660 (1983) (marks omitted). Our Supreme Court has said the following of entitlement to jury instructions:

> It is well settled that a defendant is entitled to have all lesser degrees of offenses supported by the evidence submitted to the jury as possible alternative verdicts. On the other hand, the trial court need not submit lesser included degrees of a crime to the jury when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the charged crime.

*State v. Millsaps*, 356 N.C. 556, 562 (2002) (marks, citations, and emphasis omitted).

There is nothing exceptional or lacking in fundamental fairness about this case, where the trial court did not put forth unrequested instructions for attempt with respect to the two possession offenses. Sufficient evidence existed on the record for both offenses, and the evidence could have supported a conviction on theories of either

actual or constructive possession. While Defendant argues attempt instructions were warranted because he was "frustrated" in his direction of Hall's activity and therefore did not constructively possess anything through her, the State's evidence actually demonstrated that Hall had, in fact, moved the items by the time she was approached by law enforcement. There was therefore no evidence tending to show an attempted possession, and the trial court did not plainly err in omitting such an instruction.

## C. Abuse of Discretion

Finally, Defendant argues the trial court improperly allowed the jury to review one of the recordings of Defendant's calls during deliberations. The statute governing a jury's requested review of evidence is N.C.G.S. § 15A-1233(a), which commits the determination to the discretion of the trial court:

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

N.C.G.S. § 15A-1233(a) (2023). Accordingly, "a court's ruling under [N.C.G.S.] § 15A-1233(a) . . . will be reviewed only for an abuse of discretion." *State v. McVay*, 174 N.C. App. 335, 340 (2005). "An abuse of discretion occurs where the court's ruling is

manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Id.* (citations omitted).

Here, the only basis on which Defendant meaningfully contests the trial court's decision is the following excerpt from our Supreme Court's holding in *State v. Weddington*:

> When the trial court states for the record that, in its discretion, it is allowing or denying a jury's request to review testimony, it is presumed that the trial court did so in accordance with N.C.G.S. § 15A-1233. *State v. Benson,* 323 N.C. 318[] . . . (1988). In addition, the trial court must instruct the jury that it must remember and consider the rest of the evidence. *State v. Watkins,* 89 N.C. App. 599[] . . . *disc. rev. denied,* 323 N.C. 179[] . . . (1988).

*State v. Weddington*, 329 N.C. 202, 208 (1991), *cert. denied, Weddington v. Dixon*, 508 U.S. 924 (1993). He argues that, because the trial court failed to independently instruct the jury that it was to consider the rest of the evidence, this omission *per se* constitutes an abuse of discretion.

However, this excerpt from *Weddington* was dicta. The issue in that case did not involve the absence of an instruction that the jury remember all of the evidence; and, in fact, the record on appeal made clear that such an instruction *was* given by the trial court. *Id.*; *see Berens v. Berens*, 284 N.C. App. 595, 601 (2022) ("The mandate itself is limited to holdings made . . . in response to issues presented on appeal; any other discussions made within the opinion is *obiter dicta.*"). This reading is reinforced by the fact that *State v. Watkins*, the case cited in *Weddington* alongside the

aforementioned dicta, also contains no such holding.[2]  Further, in the more than three decades since *Weddington*, no published decision has repeated such a proposition.

Finally, even if this portion of *Weddington* were not dicta, our caselaw subjects alleged abuses of discretion arising under N.C.G.S. § 15A-1233 to a prejudice analysis.  *State v. Cannon*, 341 N.C. 79, 85 (1995) (holding that, even where the trial court violated the express statutory requirements of N.C.G.S. § 15A-1233(b), a defendant must show "a reasonable possibility that had the jury not been allowed to review [the evidence], a different result would have been reached").  Here, even if we were to accept that the trial court had erred by failing to instruct the jury to remember all previous evidence at trial, there is no reasonable possibility that the jury would have reached a different decision with the addition of such an instruction.

The jury was appropriately instructed that it should consider all the evidence during the jury charge, and the trial court scrupulously observed the requirements of N.C.G.S. § 15A-1233(a) during the replay.  Without any further reason for a contrary conclusion, we hold the trial court did not abuse its discretion.

## CONCLUSION

---

[2] *Watkins* held that such an instruction was *sufficient* to show no abuse of discretion, not that it was necessary.  *State v. Watkins*, 89 N.C. App. 599, 605, *disc. rev. denied*, 323 N.C. 179 (1988) ("Defendant contends that by reading only Ms. Myers's testimony, the trial judge gave undue weight to her testimony and prejudiced his right to a fair trial.  We do not agree.  Immediately after the court reporter read Ms. Myers's testimony, the trial judge instructed the jury that they 'must consider and deliberate on all of the evidence and remember what the rest of the evidence was concerning that conversation.'  Based on these instructions, we hold that the trial judge properly exercised his discretion in having the requested testimony read to the jury and that defendant's argument has no merit.").

The trial court correctly denied Defendant's motion to dismiss, and Defendant has not established that the trial court plainly erred in omitting instructions on attempt or abused its discretion by allowing the jury to replay recordings of Defendant.

NO ERROR.

Judges ZACHARY and COLLINS concur.