STATE OF NORTH CAROLINA v. LATWANG JANELL REID, DEFENDANT

No. COA04-1362

(Filed 7 February 2006)

1. Homicide— attempted first-degree murder—short-form indictment

The use of a short-form indictment to charge attempted first-degree murder is authorized in North Carolina, and the defendant in this case was properly charged.

2. Homicide— attempted first-degree murder—intent to kill—evidence sufficient

The evidence that a defendant charged with attempted first-degree murder specifically intended the victim's death was circumstantial but sufficient where the victim was unarmed when he was grabbed and pulled from his front door by defendant and two accomplices, all of whom were armed; the victim tried to run and did not see who shot him; and the two accomplices were in a bedroom when the victim was shot.

3. Burglary and Unlawful Breaking or Entering— evidence of breaking—sufficient

There was sufficient evidence of a breaking in a burglary prosecution where the victim testified that he opened his front door, was forcibly grabbed and dragged outside, and one or two of the assailants then rushed past him into his home.

4. Conspiracy— one conspiracy to commit multiple crimes— finding of agreement to commit each crime—not required

The jury was not required to find that a defendant who was charged with one conspiracy to commit multiple crimes had agreed to commit every unlawful act alleged.

5. Conspiracy— burglary and robbery—evidence sufficient

There was sufficient evidence of conspiracy to commit burglary and robbery where the victim was dragged out of his home by three men armed with firearms, one of whom the victim identified as defendant; at least two of the assailants entered the victim's home to steal drugs and money; and they left the victim lying on the ground shot in the back.

**6. Assault— instruction on lesser included offense not given—no error**

The trial court did not err by not giving an instruction on the lesser included offense of assault with a deadly weapon inflicting serious injury in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury. Defendant chose to base his defense on the theory that he did not commit the crimes, never attacked the evidence of intent to kill, and presented no evidence which would have supported the submission of the lesser included offense.

**7. Evidence— other crimes or bad acts—identification**

The trial court did not erroneously admit evidence of other crimes when an assault and burglary victim was asked how he knew defendant and replied that they had "hustled together," which he explained meant that they had sold drugs together. The testimony was properly admitted for identification and not to prove the character of defendant.

**8. Evidence— other crimes or bad acts—defendant as fugitive in this crime—captured with weapons**

Evidence that defendant was a fugitive and had guns in his possession when he was arrested was properly admitted where there were no warrants out for defendant other than for this offense and there had been testimony that firearms were used in this offense.

**9. Evidence— whether defendant had reason to lie— admissibility**

There was no error in a prosecution arising from a robbery where the victim was asked by the State, "Do you have any reason to lie on him [defendant]?" This goes to whether the witness has any reason to lie, not whether he is currently lying.

**10. Evidence— impeaching witness—prior inconsistent statement**

There was no plain error in a prosecution for robbery and other offenses in the State's introduction of extrinsic evidence to impeach a defense witness who denied making a prior inconsistent statement. Whether the prior statement was made is a collateral matter and the testimony should not have been allowed; however, defendant did not meet his burden of showing that the jury would probably have reached a different result if the testimony had been excluded.

**11. Criminal Law— flight—evidence of premeditation and deliberation—no plain error**

There was no plain error in a prosecution for attempted first-degree murder and other offenses where the court instructed the jury on flight but did not specifically instruct the jury that flight has no bearing on premeditation and deliberation. Defendant's objection at trial concerned defendant's flight during his arrest, not at the scene, and his argument concerning premeditation is reviewed under plain error analysis. There is no plain error because the question of whether the jury considered defendant's flight as evidence of premeditation and deliberation was speculative.

**12. Constitutional Law— double jeopardy—assault and attempted murder**

Convictions for attempted murder and assault with a deadly weapon with intent to kill inflicting serious injury based on the same act are not a violation of double jeopardy. Each offense requires proof of at least one element that the other does not.

Appeal by defendant from judgments dated 6 May 2004 by Judge Jack A. Thompson in Cumberland County Superior Court. Heard in the Court of Appeals 8 June 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Robert M. Curran, for the State.*

*Linda B. Weisel for defendant.*

BRYANT, Judge.

On 20 October 2003, Latwang Janell Reid (defendant) was indicted for attempted first degree murder; assault with a deadly weapon with intent to kill inflicting serious injury; attempted armed robbery; and first degree burglary. Defendant was also indicted for conspiracy to commit: first degree murder; assault with a deadly weapon with intent to kill inflicting serious injury; robbery with a dangerous weapon; and first degree burglary. Defendant was tried before a jury at the 3 May 2004 criminal session of the Cumberland County Superior Court, the Honorable Jack A. Thompson presiding. On 6 May 2004, the jury returned guilty verdicts for attempted first degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, attempted armed robbery, first degree bur-

**STATE v. REID**

[175 N.C. App. 613 (2006)]

glary, conspiracy to commit robbery with a firearm and conspiracy to commit first degree burglary. Defendant appeals his convictions.

*Facts*

On the evening of 13 October 2002, Michael David Fields was playing video games with his friend, Michael Isreal, in his room at his home in Hope Mills, North Carolina. Fields lived in the house with his mother, Sarah McGougan, who was also home at the time. Earlier in the afternoon, Fields had been drinking beer and smoking marijuana. He had also sold marijuana from his home three or four times earlier that day.

Responding to a knock on his front door, Fields looked out the window, saw a car which he thought he recognized as belonging to his friend, Melvin Franklin, but could not see who was at the door. When Fields opened the inside door, three armed men were standing at the doorway, the glass storm door having already been opened. Two of the men had their faces covered such that Fields did not recognize them, but he recognized the third man, whose face was not fully covered, as defendant, whom he had known for several years. The men grabbed Fields and pulled him outside, demanding money and drugs.

The two men whose faces were covered then entered the house and made their way to Fields' bedroom where Isreal was waiting for Fields to return. They demanded Isreal tell them where the money and the marijuana were. Isreal replied that he didn't know. The men then forced him onto the floor and took whatever was in his pockets. Isreal testified he was certain that neither of the men who came into the bedroom was the defendant. While the two men were in the bedroom with him, Isreal heard two gunshots.

Fields testified that he "tussled" with the men holding him on the front porch, then ran away toward his neighbor's house. Fields heard a single shot and did not remember anything more from that night. Police later discovered Fields lying face down and partially conscious next to a neighbor's bush. A bullet hole was observed in his back, and the bullet was found in the front of his shirt when he was rolled over. Fields was taken to Cape Fear Valley Medical Center, where he spent nearly a month in a coma, and over eight months in the hospital. After coming out of his coma in the hospital, Fields identified the defendant as the person he recognized from the assault.

Defendant was arrested and a shotgun and handgun were found in the room in which defendant was staying. Defendant did not testify, but did present the testimony of his cousin, Melvin Franklin, who testified that he asked Fields in the hospital if he knew who had shot him, and Fields appeared to shake his head indicating no. On cross-examination, Franklin was asked by the prosecutor whether he had talked with Sarah McGougan, Fields' mother, shortly after the shooting and told her that the defendant had shot her son. Franklin admitted talking with McGougan, but denied that he said defendant did the shooting. McGougan then testified in rebuttal that Franklin told her that defendant shot her son.

---

On appeal, defendant raises twelve issues discussed in turn below.

*I*

[1] Defendant first argues that as North Carolina does not specifically authorize the use of a short-form indictment for the crime of attempted murder and because the indictment at issue did not sufficiently allege the offense of attempted first-degree murder, his conviction for attempted murder must be vacated. "To be sufficient under our Constitution, an indictment 'must allege lucidly and accurately all the essential elements of the offense endeavored to be charged.' " *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (2003) (quoting *State v. Greer*, 238 N.C. 325, 327, 77 S.E.2d 917, 919 (1953)). "The elements of an attempt to commit a crime are: '(1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense.' " *State v. Coble*, 351 N.C. 448, 449, 527 S.E.2d 45, 46 (2000) (quoting *State v. Miller*, 344 N.C. 658, 667, 477 S.E.2d 915, 921 (1996)).

Subsequent to defendant's filing of his brief, the North Carolina Supreme Court held short-form indictments for attempted first-degree murder are constitutional and statutorily authorized. *State v. Jones*, 359 N.C. 832, 616 S.E.2d 496 (2005). See also *State v. Andrews*, 154 N.C. App. 553, 559-60, 572 S.E.2d 798, 803 (2002); *State v. Trull*, 153 N.C. App. 630, 640, 571 S.E.2d 592, 599 (2002); and *State v. Choppy*, 141 N.C. App. 32, 41, 539 S.E.2d 44, 50-51 (2000); all finding short-form indictments sufficient to charge attempted first-degree murder.

Section 15-144 of the North Carolina General Statutes provides in an indictment for murder, "it is sufficient in describing murder to

allege that the accused person feloniously, willfully, and of his malice aforethought, did kill and murder [victim's name] . . . ." N.C. Gen. Stat. § 15-144 (2005). Section 15-170 further provides that "[u]pon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less[er] degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less[er] degree of the same crime." N.C. Gen. Stat. § 15-170 (2005). The North Carolina Supreme Court has held that when Section 15-144 is construed alongside Section 15-170, the use of a short-form indictment to charge attempted first-degree murder is authorized. *Jones*, 359 N.C. at 838, 616 S.E.2d at 499. "[W]hen drafting such a [sic] indictment, it is sufficient for statutory purposes for the state to allege 'that the accused person feloniously, willfully, and of his malice aforethought, did [attempt to] kill and murder' the named victim." *Id.*

The indictment in the case at hand charges defendant with the offense of attempted murder using the language from Section 15-144, and states: "The jurors for the State upon their oath present that on or about the date 13th day of October, 2002, in the County named above the defendant named above unlawfully, willfully and feloniously did of malice aforethought attempt to kill and murder Michael David Fields." Defendant was properly charged in a short-form indictment with attempted first-degree murder. This assignment of error is overruled.

## II

[2] Defendant next argues his conviction for attempted first-degree murder must be vacated because there is insufficient evidence of specific intent to kill, premeditation, and deliberation. Defendant contends there is no evidence he or the "two unidentified black males or other unknown persons" had a specific intent for their actions to result in Fields' death and therefore defendant's motion to dismiss the charge of attempted first degree murder was improperly denied.

In a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State and give the State every reasonable inference to be drawn from the facts and evidence presented. *State v. Lee*, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is

properly denied." *State v. Fritsch,* 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation and quotations omitted). "Substantial evidence is defined as relevant evidence which a reasonable mind could accept as adequate to support a conclusion." *Lee,* 348 N.C. at 488, 501 S.E.2d at 343. "The evidence need only give rise to a reasonable inference of guilt for the case to be properly submitted to the jury." *State v. Barnett,* 141 N.C. App. 378, 383, 540 S.E.2d 423, 427 (2000).

"The elements of attempted first degree murder are: '(1) a specific intent to kill another person unlawfully; (2) an overt act calculated to carry out that intent, going beyond mere preparation; (3) the existence of malice, premeditation, and deliberation accompanying the act; and (4) a failure to complete the intended killing.' " *State v. Poag,* 159 N.C. App. 312, 318, 583 S.E.2d 661, 666 (2003) (quoting *State v. Peoples,* 141 N.C. App. 115, 117, 539 S.E.2d 25, 28 (2000)). Premeditation and deliberation "are usually proven by circumstantial evidence because they are mental processes that are not readily susceptible to proof by direct evidence." *State v. Sierra,* 335 N.C. 753, 758, 440 S.E.2d 791, 794 (1994). In the context of attempted first-degree murder, circumstances that may tend to prove premeditation and deliberation include, among others: (1) lack of provocation by the intended victim or victims; and (2) conduct and statements of the defendant both before and after the attempted killing. *State v. Myers,* 299 N.C. 671, 677-78, 263 S.E.2d 768, 773 (1980).

Evidence presented at trial established Fields was unarmed when he was grabbed and pulled from the front doorway of his home by defendant and his two accomplices, all of whom were armed. Fields was trying to run away and thus did not see the person who shot him. However, the evidence also indicated the two accomplices were in the bedroom when Fields was shot. While circumstantial, this evidence is sufficient for the jury to conclude defendant, after sufficient deliberation, intentionally shot Fields in the back as he was attempting to flee, intending to cause Fields' death. This assignment of error is overruled.

*III*

[3] Defendant argues his conviction for burglary must be vacated because there is insufficient evidence of a breaking. Burglary is committed when a person "breaks or enters into the dwelling house or sleeping apartment of another in the nighttime with the intent to commit a felony therein." *State v. Little,* 163 N.C. App. 235, 239, 593 S.E.2d 113, 116 (2004), *appeal docketed,* No. 183A04 (N.C. Apr. 20,

2004). "A breaking in the law of burglary constitutes any act of force, however slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed." *State v. Jolly*, 297 N.C. 121, 127-28, 254 S.E.2d 1, 5-6 (1979) (citation and quotations omitted) (constructive breaking occurred when defendant gained entry into victim's motel room by pushing victim into the room as the victim opened the door); *see also State v. Wilson*, 289 N.C. 531, 223 S.E.2d 311 (1976).

At trial, Fields' testimony indicated he was forcibly grabbed and dragged outside by one or more individuals when he opened his front door, whereupon one or two of the assailants rushed past him and into his home. This use of force is sufficient to constitute the element of breaking necessary to support a conviction of burglary. This assignment of error is overruled.

*IV*

[4] Defendant next argues his conviction for conspiracy must be vacated because there was insufficient evidence of every element of the crime charged and because the evidence and jury instructions were at material variance with the allegations of the indictment. We disagree.

"Because the crime of conspiracy lies in the agreement itself, and not the commission of the substantive crime, a defendant can, under certain fact situations, be convicted of a single conspiracy when there are multiple acts or transactions." *State v. Wilson*, 106 N.C. App. 342, 345, 416 S.E.2d 603, 605 (1992) (citations omitted). "Courts have uniformly upheld multiple-object conspiracies, and they have consistently concluded that a guilty verdict must be sustained if the evidence shows that the conspiracy furthered any one of the objects alleged." *United States v. Bolden*, 325 F.3d 471, 492 (4th Cir. 2003) (citing *Griffin v. United States*, 502 U.S. 46, 56-57, 116 L. Ed. 2d 371, 381 (1991) ("When a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged.") (citations and quotations omitted)).

In the instant case, defendant was indicted for conspiracy as follows:

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 13th day of October, 2002, in the County named above the defendant named above unlawfully, willfully and feloniously did agree, plan, combine, conspire and confeder-

ate with two black males and other unknown persons to commit the felonies of First Degree Murder, . . . Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury, . . . Robbery with a Dangerous Weapon, . . . and First Degree Burglary . . . against Michael David Fields and Sarah McGougan, 4600 Rita Court, Hope Mills, North Carolina.

The trial court initially instructed the jury that in order to find defendant guilty of conspiracy:

[T]he State had to prove three things beyond a reasonable doubt. First, that the defendant and two other black males entered into an agreement. Second, that the agreement was to commit first degree murder; assault with a deadly weapon with intent to kill inflicting serious injury; robbery with a firearm and first degree burglary. And, third, that the defendant and two other black males intended that the agreement be carried out at the time it was made.

In response to questions from the jury concerning the conspiracy charge, and over defendant's objection, the trial court changed its conspiracy instruction and gave the jury an amended verdict sheet which read:

AS TO COUNT NUMBER TWO:

___ GUILTY OF CONSPIRACY TO COMMIT THE FELONIES OF (CHECK EACH OFFENSE THAT YOU FIND THE DEFENDANT CONSPIRED TO DO)

     ___ FIRST DEGREE MURDER

     ___ ASSAULT WITH A DEADLY WEAPON WITH INTENT TO KILL INFLICTING SERIOUS INJURY

     ___ ROBBERY WITH A FIREARM

     ___ FIRST DEGREE BURGLARY

OR

___ NOT GUILTY

The trial court instructed the jury to simply "check the space beside the offense you find the defendant has conspired to." The jury returned the verdict sheet finding defendant guilty of conspiracy to commit the felonies of robbery with a firearm and first degree burglary.

A plain reading of the indictment indicates defendant was charged with one conspiracy that included the commission of multiple crimes. To convict defendant of conspiracy under the indictment at issue, the jury was not required to find that defendant agreed to commit every unlawful act alleged, only that defendant agreed to commit at least one of the unlawful acts. Furthermore, the change in the jury instructions did not constitute a material variance in the conspiracy charge, it merely established which unlawful acts were proven to the jury to support their verdict of guilty on the charge of conspiracy. The jury found defendant guilty of conspiracy to commit the felonies of robbery with a firearm and first-degree burglary and defendant was subsequently sentenced based upon a single conviction of conspiracy. This assignment of error is overruled.

*V*

[5] Defendant next argues that his conspiracy conviction must be vacated because there is insufficient evidence he entered into an agreement to commit the offenses in this case. "A criminal conspiracy is an agreement between two or more people to do an unlawful act or to do a lawful act in an unlawful manner." *State v. Morgan*, 329 N.C. 654, 658, 406 S.E.2d 833, 835 (1991). To prove conspiracy it is unnecessary for the State to prove an express agreement. *Id.* The State must only present evidence tending to show a mutual, implied understanding. *Id.* "Direct proof of the charge is not essential, for such is rarely obtainable. It may be, and generally is, established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy." *State v. Whiteside*, 204 N.C. 710, 712, 169 S.E. 711, 712 (1933); *see also State v. Lamb*, 342 N.C. 151, 155-56, 463 S.E.2d 189, 191 (1995) (finding sufficient evidence that a robbery was carried out pursuant to a common plan when the evidence established three men drove to the home of the victim, left their vehicle and entered the victim's home, robbed and shot him).

The evidence presented at trial tended to show that Fields was dragged out of his home by three men armed with firearms, one of which Fields identified as defendant. At least two of the assailants entered Fields' home looking to steal drugs and money. Finding no drugs or money in Fields' home, the three men left the scene, leaving Fields lying on the ground shot in the back. This evidence is sufficient to support an inference by the jury that defendant was involved with the two other assailants in a conspiracy to commit the felony of rob-

bery with a firearm and a conspiracy to commit the felony of first-degree burglary. This assignment of error is overruled.

## VI

**[6]** Next, defendant argues he is entitled to a new trial on the assault charge because the trial court failed to submit to the jury instructions they could find defendant guilty of assault with a deadly weapon inflicting serious injury. The trial court stated it would not give any lesser included offenses concerning the charge of assault with a deadly weapon with intent to kill inflicting serious injury. The defendant did not request an instruction on a lesser included offense.

> [W]hen there is conflicting evidence of the essential elements of the greater crime and evidence of a lesser included offense, the trial judge *must* instruct on the lesser included offense even where there is no specific request for such instruction. An error in this respect will not be cured by a verdict finding a defendant guilty of the greater crime.

*State v. Rowland,* 54 N.C. App. 458, 461, 283 S.E.2d 543, 545 (1981) (citations and quotations omitted). "The presence of such [conflicting] evidence is the determinative factor. . . . Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." *State v. Hicks,* 241 N.C. 156, 159-60, 84 S.E.2d 545, 547 (1954). Where "there is *no* evidence to negate [the elements of the crime charged] other than defendant's denial that he committed the offense, the trial judge should properly exclude from jury consideration the possibility of a conviction of [a lesser included offense.]" *State v. Millsaps,* 356 N.C. 556, 560, 572 S.E.2d 767, 771 (2002) (citations and quotations omitted).

Defendant chose to base his defense on the theory that he did not commit the crimes and never attacked the State's evidence supporting an intent to kill. Defendant presented no evidence which would have supported the submission of the lesser included offense. This assignment of error is overruled.

## VII

**[7]** Defendant argues he is entitled to a new trial as to all charges because the trial court erroneously admitted "other crimes" evidence under Rule 404(b) that he was a local drug dealer. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may,

however, be admissible for other purposes, such as proof of . . . identity . . . ." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005).

At trial, when Fields was asked how he knew defendant, he responded they had "hustled together" which he explained meant they had "sold drugs together." This line of questioning came when the prosecutor was establishing how Fields knew defendant such that Fields was able to identify defendant as one of his assailants. This testimony was properly admitted for the purpose of establishing how Fields could identify defendant and was not admitted "to prove the character of [defendant] in order to show that he acted in conformity therewith." *Id.* This assignment of error is overruled.

## VIII

**[8]** Defendant next argues he is entitled to a new trial because the trial court erroneously admitted "other crimes" evidence that he was a fugitive and had guns in his possession when he was arrested. Rule 404(b) of the North Carolina Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *Id.*

There is nothing in the testimony challenged by defendant that indicates there were any warrants out for defendant's arrest for crimes other than those for which defendant was currently on trial. While a shotgun and a handgun were recovered from the room in which defendant was arrested, there had been previous testimony that a shotgun and handgun were used in the commission of the crimes at hand. There is absolutely no indication that this testimony involves other crimes which would be inadmissible under the North Carolina Rules of Evidence. *Cf. State v. Evans*, 149 N.C. App. 767, 773, 562 S.E.2d 102, 105-06 (2002) (no error under Rule 404(b) where challenged testimony did not relate to the defendant's prior conduct). This assignment of error is overruled.

## IX

**[9]** Defendant also argues he is entitled to a new trial as to all charges because the trial court erroneously admitted, over his objection, the testimony of Fields that he had no reason to lie about defendant. The credibility of a witness is for a jury to decide and it is improper for counsel to ask his witness, "Are you telling this jury the truth?" *State v. Skipper*, 337 N.C. 1, 39, 446 S.E.2d 252, 273 (1994). In the instant case, the prosecution, over objection by defendant, asked

Fields, "Do you have any reason to lie on him?" This question is substantially different from "are you telling this jury the truth" and goes to whether or not the witness has any reason to lie, not whether or not he is currently lying. *See State v. Corbett*, 339 N.C. 313, 333-34, 451 S.E.2d 252, 263 (1994) (no error in questioning defendant to show he had a motive to lie). The trial court did not err in overruling defendant's objection. This assignment of error is overruled.

## X

**[10]** Defendant next claims he is entitled to a new trial as to all charges because the trial court erred in admitting State witness McGougan's evidence that defense witness Melvin Franklin called her on the phone, told her defendant "did it," and told her to call Crime Stoppers. Franklin was called as a defense witness and testified on direct about several things, but not about talking to Fields' mother, Sarah McGougan, about defendant. On cross, the Prosecutor asked Franklin whether he had talked to McGougan and told her he "knew it was [defendant] who shot him[.]" Franklin denied making that statement to McGougan. On rebuttal, McGougan testified without any limiting instruction that Franklin called her on the phone, told her defendant "did it," told her to call Crime Stoppers, and she said "God knows I'm telling the truth."

However, defendant failed to object to this line of questioning and any error must be reviewed under the plain error rule. Defendant must therefore convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result. *State v. Black*, 308 N.C. 736, 741, 303 S.E.2d 804, 806 (1983) (applying plain error analysis to the admission of evidence); *State v. Cole*, 343 N.C. 399, 419-20, 471 S.E.2d 362, 372 (1996).

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the . . . mistake had a probable impact on the jury's finding that the defendant was guilty."

STATE v. REID

[175 N.C. App. 613 (2006)]

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted)).

"When a cross-examiner seeks to discredit a witness by showing prior *inconsistent statements . . . the answers of the witness to questions concerning collateral matters are generally conclusive and may not be contradicted by extrinsic testimony.*" *State v. Cutshall*, 278 N.C. 334, 349, 180 S.E.2d 745, 754 (1971). "Such collateral matters . . . include testimony contradicting a witness' denial that he made a prior statement when that testimony purports to reiterate the substance of the statement." *State v. Hunt*, 324 N.C. 343, 348, 378 S.E.2d 754, 757 (1989); *see also State v. Mitchell*, 169 N.C. App. 417, 610 S.E.2d 260 (2005). "[O]nce a witness *denies* having made a prior inconsistent statement, the State may not introduce a prior statement in an attempt to discredit the witness; the prior statement concerns only a *collateral matter, i.e.*, whether the statement was ever made." *State v. Najewicz*, 112 N.C. App. 280, 289, 436 S.E.2d 132, 138 (1993).

The State should not have been allowed to introduce extrinsic evidence offered by McGougan to impeach the testimony of Franklin. However, in consideration of the eyewitness testimony of the victim, Fields, that defendant was one of his attackers, defendant has not met his burden that without the improper extrinsic evidence offered by McGougan the jury would probably have reached a different result. This assignment of error is overruled.

## XI

**[11]** Defendant next claims he is entitled to a new trial in the attempted first-degree murder case because the trial court failed to · instruct the jury that flight has no bearing on the question of premeditation and deliberation. The trial court instructed the jury that:

> Evidence of flight may be considered by you together with all other facts and circumstances in this case in determining whether the combined circumstances amount to an admission or show of [sic] consciousness of guilt. However, proof of this circumstance is not sufficient in itself to establish the defendant's guilt.

The trial court subsequently gave the following instruction on premeditation and deliberation, which are elements of the crime of attempted murder:

> Neither premeditation nor deliberation are usually susceptible of direct proof. They may be proved by circumstances from which

they may be inferred, such as lack of provocation by the victim, conduct of the defendant before, during and after the attempted killing, the manner or means by which the killing was attempted.

Defendant claims that because the trial court did not instruct the jury that flight has no bearing on whether defendant acted with premeditation and deliberation, the court impermissibly lessened the State's burden to prove the elements of premeditation and deliberation beyond a reasonable doubt. While defendant did voice an objection to the inclusion of the instruction on flight, the objection was based not on defendant's flight from the scene of the crime for which he was on trial, but rather for defendant's attempted flight when he was arrested. At trial, defendant did not object to the inclusion of the instruction on flight because of a belief that such an instruction would impermissibly lighten the State's burden to prove the elements of premeditation and deliberation. Rather, defendant was arguing that his attempt to flee during his arrest should not have been considered at all, as he was actually trying to flee because of another offense.

Because defendant did not object to the trial court's instruction on premeditation and deliberation and his objection to the instruction on flight was for a reason other than that argued on appeal, we review only for plain error. *See Wood v. Weldon*, 160 N.C. App. 697, 699, 586 S.E.2d 801, 803 (2003) ("[A] contention not raised and argued in the trial court may not be raised and argued for the first time in the appellate court."), *disc. review denied*, 358 N.C. 550, 600 S.E.2d 469 (2004); *Odom* at 659-61, 300 S.E.2d at 378-79 (adopting plain error review for arguments alleging improper jury instructions where no objections to the instructions were made at trial). Our Supreme Court has held that the failure to specifically instruct the jury that it was not to consider the defendant's flight as evidence of premeditation and deliberation does not constitute plain error:

[W]e note that the court did not say the jury could consider evidence of flight as evidence of premeditation and deliberation. It charged the jury that it could consider it as showing a consciousness of guilt, which is a correct statement of the law. It is speculative as to whether the jury took this to mean it could consider this as evidence of premeditation and deliberation.

*State v. Gray*, 347 N.C. 143, 167-68, 491 S.E.2d 538, 547 (1997), *overruled in part on other grounds by State v. Long*, 354 N.C. 534, 557 S.E.2d 89 (2001). As the challenged instruction and standard of

review here are indistinguishable from those in *Gray*, this assignment of error is overruled.

## XII

**[12]** Finally, defendant argues the trial court erred in entering judgment for attempted first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury in violation of his right to be free from multiple convictions for the same offense. However, as defendant concedes in his brief, this Court has previously held the conviction of attempted murder and assault with a deadly weapon with intent to kill inflicting serious injury based on the same act is not a violation of double jeopardy because "each offense requires proof of at least one element that the other does not." *State v. Peoples*, 141 N.C. App. 115, 119, 539 S.E.2d 25, 29 (2000); *State v. Ramirez*, 156 N.C. App. 249, 259, 576 S.E.2d 714, 721, *disc. review denied*, 357 N.C. 255, 583 S.E.2d 286, *cert. denied*, 540 U.S. 991, 157 L. Ed. 2d 388 (2003). Defendant cites no new authority contrary to the above. Accordingly, this assignment of error is overruled.

No prejudicial error.

Judges McCULLOUGH and TYSON concur.