An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1432

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

v.

JACK MEREDITH MARTIN

Buncombe County
No. 11 CRS 394-95, 55315

Appeal by defendant from judgments entered 13 June 2013 by Judge Mark E. Powell in Buncombe County Superior Court. Heard in the Court of Appeals 27 August 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Perry J. Pelaez, for the State.*

*Russell J. Hollers III for defendant.*

HUNTER, Robert C., Judge.

Defendant appeals the judgments entered after a jury convicted him of two counts of felonious breaking or entering, larceny after breaking or entering, and second degree kidnapping. On appeal, defendant argues that the trial court erred by failing to instruct the jury on misdemeanor breaking or entering in case no. 11 CRS 55315, failing to instruct the jury on false imprisonment in case no. 11 CRS 395, and committing a

clerical error by incorrectly stating that defendant was convicted of first degree kidnapping on the judgment sheet.

After careful review, we find no error in the trial court's refusal to instruct on misdemeanor breaking or entering and false imprisonment. However, we remand the kidnapping judgment sheet in case no. 11 CRS 395 to correct a clerical error.

**Background**

The incidents that gave rise to defendant's convictions occurred on two different days in 2011 at two separate hotels in Asheville, North Carolina. The first incident occurred on 21 April 2011 at the Holiday Inn Express. Guests of the hotel use plastic key cards to gain entry into their rooms. Mr. and Ms. Frevert were staying at the hotel while visiting their son who was looking for a home in Asheville. On the afternoon of 21 April, the Freverts went to dinner with their son. Prior to leaving, Ms. Frevert put her jewelry into a duffel bag and left it in the room. The next morning, Ms. Frevert noticed that the jewelry was gone. The value of the jewelry was in excess of $30,000.

Bipen Patel ("Bipen"), the owner of the Holiday Inn Express, determined that a housekeeping key had been used twice to enter the room while the Freverts were out. At trial, Bipen

claimed that the particular housekeeping key used was not one of the ones in his possession. In addition, Bipen identified defendant from the video surveillance system which showed defendant entering the hotel's rear entrance and leaving that same way approximately one hour later. Entry through that door required a key card. Apparently, Bipen had had several run-ins with defendant back in 2004 after he caught defendant entering his hotel several consecutive days even though defendant was not a guest. When Bipen confronted him about it in 2004, defendant claimed that he was an FBI agent; when defendant was showing Bipen his drivers license, Bipen also saw 10-15 key cards in defendant's wallet.

The second incident happened on 6 May 2011 at the Country Inn & Suites in Asheville. Neal Patel ("Neal"), the owner of the Country Inn & Suites, saw defendant enter his hotel even though defendant was not a guest. Neal observed defendant walking on the second and third floors of the hotel before he entered room 303 using a plastic key card. When defendant came out of the room, Neal confronted him. According to Neal, defendant told Neal to drop his cell phone and get on the floor; defendant threatened to shoot him if he moved. When defendant

tried to reenter room 303, Neal ran to the front desk and called police.

In May 2011, Bridgette Clark ("Ms. Clark"), a hotel property manager, called police after seeing a newscast about defendant. At trial, Ms. Clark testified that she recognized defendant from when he was a guest at Value Place, an extended stay hotel in Asheville, sometime in the fall of 2010. After several incidents where defendant claimed that someone was entering his hotel room and stalking him, he confronted Ms. Clark and became furious. He screamed that he could make hotel key copies "all day long" and threw several key cards at her. Prior to asking defendant to leave, Ms. Clark inspected his room and saw a square black box connected to defendant's computer. The box was similar to the one Value Place used to program its hotel keys.

At trial, defendant admitted to being at both hotels on the dates in question. However, he claimed that he gained access both times using friends' key cards; he declined to identify the friends. Furthermore, defendant disputed Neal's account of their confrontation, claiming that he did not order Neal to lay on the ground or threaten to shoot him. Instead, defendant

alleged that after Neal approached him and asked if he was a guest, defendant refused to accompany Neal to the front desk.

On 11 July 2011, defendant was indicted for one count of felonious breaking or entering and one count of larceny based on the events that occurred at the Holiday Inn Express on 21 April (case no. 11 CRS 394). On 11 July 2011 and 6 August 2012, defendant was indicted for one count of first degree kidnapping (case no. 11 CRS 395) with a sentence enhancement for committing the felony while using a firearm pursuant to N.C. Gen. Stat. § 15A-1340.16A(c) and one count of felonious breaking or entering (case no. 11 CRS 55315) based on the events at the Country Inn & Suites.

The matter came on for trial on 10 June 2013. On 13 June 2013, in case no. 11 CRS 394, the jury found defendant guilty of felonious breaking or entering and felonious larceny based on the events that occurred at the Holiday Inn Express. In addition, the jury convicted defendant of felonious breaking or entering and second degree kidnapping based on the events at the Country Inn & Suites in case nos. 11 CRS 55315 and 11 CRS 395, respectively. However, the jury did not find that defendant used, displayed, or threatened to use a firearm at the time he committed the kidnapping. On 13 June 2013, the trial court

sentenced defendant to 25 to 39 months imprisonment for the kidnapping conviction and 5 to 6 months imprisonment for the remaining convictions, to be served consecutively. On 17 June 2013, defendant purportedly appealed these judgments when he appealed "the judgment entered against him in district court on the 13th day of June" to superior court.

## Grounds for Appeal

Initially, it should be noted, and defendant concedes, that his notice of appeal is technically deficient because it improperly states that defendant is appealing the district court judgments entered against him to superior court when, in fact, he was attempting to appeal the superior court judgments to this Court. Accordingly, defendant has filed a petition for writ of certiorari in order for this Court to review the judgments entered against him on 13 June 2013. Because defendant was represented by counsel at the time his attorney filed the deficient notice of appeal and should not be punished for his counsel's failure to properly appeal, we grant the petition and address the merits of his appeal.

## Arguments

Defendant first argues that the trial court committed plain error in failing to instruct the jury on misdemeanor breaking or

entering in case no. 11 CRS 55315. Specifically, defendant contends that there was evidence that he did not intend to commit larceny when he entered room 303 at the Country Inn & Suites, alleging that he was at the hotel visiting friends. Furthermore, defendant argues that had the jury been provided the instruction on the lesser-included offense, it probably would have reached a different verdict. We disagree.

Since defendant failed to object when the trial court refused to instruct the jury on misdemeanor breaking or entering, defendant must show plain error:

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations and quotation marks omitted).

A trial court is required to give a jury instruction on a lesser-included offense "only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). The trial court must consider the evidence in the light most favorable to the

defendant. *State v. Broom*, __ N.C. App. __, __, 736 S.E.2d 802, 810, *disc. review denied*, __ N.C. __, 739 S.E.2d 853 (2013). However, the trial court does not err in refusing to instruct on a lesser-included offense when the State provides evidence of each element of the greater offense and there is no evidence to negate these elements other than the defendant's denial that he committed the offense. *State v. Reid*, 175 N.C. App. 613, 623, 625 S.E.2d 575, 584 (2006).

N.C. Gen. Stat. § 14-54(a) (2013) provides that "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." In contrast, "[a]ny person who wrongfully breaks or enters any building is guilty of a Class 1 misdemeanor." N.C. Gen. Stat. § 14-54(b). "The lesser included offense of misdemeanor breaking and entering must be submitted to the jury if there is *substantial evidence* the defendant broke and entered for some non-felonious reason other than that alleged in the indictment." *State v. Merritt*, 120 N.C. App. 732, 743, 463 S.E.2d 590, 596 (1995) (emphasis added).

Defendant is correct that there was no evidence introduced at trial that he took anything from room 303 at the Country Inn & Suites. However, the evidence does not support the trial

court instructing on a lesser-included offense because the jury could have inferred felonious intent from defendant's conduct, and defendant failed to present substantial, credible evidence that he broke and entered room 303 for a nonfelonious reason. *See generally State v. Myrick*, 306 N.C. 110, 115, 291 S.E.2d 577, 580 (1982) (noting that "[w]ithout other explanation for breaking into the building or a showing of the owner's consent, [the defendant's felonious] intent may be inferred from the circumstances"). Instead, the evidence showed that defendant was not a guest of the hotel but entered room 303 several times with a plastic key card. Defendant offered no other explanation for why he was in the hotel or had a key card to enter the hotel other than he was meeting some friends whom he did not want to identify. On cross-examination, defendant refused to provide any information about the people he was visiting, including what floor they were staying on and how he knew them. Instead, defendant repeatedly told the prosecutor on cross-examination that it was "none of [his] business" when asked about the friends' identities at trial. Furthermore, Ms. Clark's testimony shows that defendant had access to a machine that programed key cards and that, as he boasted to her, he could make key cards "all day long." Taken as a whole, there is no

evidence that might convince a jury that defendant entered the Country Inn & Suites hotel room with a plastic key card for some reason other than larceny besides his unsubstantiated assertion that he was visiting friends whom he refused to identify. Therefore, because the State provided evidence of each element for felonious breaking or entering and defendant's only evidence offered to negate these elements was his denial that he intended to commit larceny, the trial court was not required to instruct on the lesser-included offense. *See generally Reid*, 175 N.C. App. at 623, 625 S.E.2d at 584. Accordingly, the trial court did not err, much less commit plain error, in refusing to give an instruction on misdemeanor breaking or entering.

Next, defendant argues that the trial court committed plain error by failing to instruct the jury on false imprisonment, a lesser-included offense of kidnapping. We disagree.

"The difference between kidnapping and the lesser included offense of false imprisonment is the purpose of the confinement, restraint, or removal of another person: the offense is kidnapping if the purpose of the restraint was to accomplish one of the purposes enumerated in the kidnapping statute." *State v. Pigott*, 331 N.C. 199, 210, 415 S.E.2d 555, 562 (1992). Here, as discussed, a reasonable juror could have inferred felonious

intent based on the fact that defendant entered a hotel room with a key card even though he was not a guest of the hotel. Furthermore, Ms. Clark's testimony showed defendant had, in the past, access to a key card programming machine and the ability to make any key card he wanted. "Intent is a condition of the mind ordinarily susceptible of proof only by circumstantial evidence. Evidence of a defendant's actions following restraint of the victim is some evidence of the reason for the restraint." *State v. Surrett*, 109 N.C. App. 344, 350, 427 S.E.2d 124, 128 (1993). Since the evidence indicated that defendant confined or restrained Neal for the purpose of committing larceny in room 303 and there was no other credible evidence that defendant acted for any other purpose, the trial court did not err, much less commit plain error, in refusing to instruct on false imprisonment.

Finally, defendant argues that this Court should remand the judgment in case no. 11 CRS 395 for correction of a clerical error. Specifically, defendant contends that the judgment sheet incorrectly states that he was convicted of first degree kidnapping even though the trial court instructed on second degree kidnapping, the jury convicted him of second degree kidnapping, and defendant was sentenced for second degree

kidnapping. Thus, defendant requests this Court remand for correction of the judgment sheet. As this was clearly the result of a clerical error, *see State v. Taylor*, 156 N.C. App. 172, 177, 576 S.E.2d 114, 117-18 (2003) (defining clerical error as "an error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination"), we agree and remand for the trial court to correct the judgment to show that defendant was convicted of second degree kidnapping, a Class E felony, N.C. Gen. Stat. § 14-39(b) (2013). *See generally State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record 'speak the truth.'").

## Conclusion

Because the State presented evidence that defendant intended to commit larceny at the Country Inn & Suites and the only evidence negating this element was defendant's claim that he was visiting friends, the trial court did not err, much less commit plain error, in refusing to instruct on misdemeanor breaking or entering. Relatedly, because the evidence supported

a finding by the jury that defendant restrained or confined Neal for the purpose of committing larceny in room 303, we find no error in the trial court's refusal to instruct on misdemeanor false imprisonment.  Finally, we remand the judgment in case no. 11 CRS 395 to correct the clerical error on the judgment sheet to show that defendant was convicted of second degree kidnapping, not first degree kidnapping.

NO ERROR IN PART; REMANDED IN PART TO CORRECT A CLERICAL ERROR.

Judges DILLON and DAVIS concur.

Report per Rule 30(e).